UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ERNESTO HIDALGO DIAZ, and all others similarly situated

   Plaintiff,
vs.

CLINICAL CARE NETWORK, INC., a Florida Corporation,

   Defendant.
_____/

# **COMPLAINT**

COMES NOW Plaintiff, ERNESTO HIDALGO DIAZ, by and through his undersigned attorney, and hereby sues Defendant, CLINICAL CARE NETWORK, INC. (herein referred to as "CLINICAL"), a Florida Corporation, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant CLINICAL is a Florida corporation which regularly conducts business within the Southern District of Florida by operating medical clinics.

6. CLINICAL is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, CLINICAL operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and CLINICAL obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of CLINICAL was at all times material hereto in excess of $500,000.00 per annum. Defendant CLINICAL's gross annual revenue was in excess of $500,000, for the year 2015 and 2016.

8. By reason of the foregoing, CLINICAL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## COUNT I: UNPAID OVERTIME WAGES

9. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

10. Plaintiff was employed by the Defendant as a patient driver for the medical clinics.

11. Plaintiff was employed from on or about October, 2015 through October, 2106.

12. Plaintiff worked approximately 60 hours per week. Plaintiff was generally paid for hours worked when delivering patients, and was paid partial overtime during the time he delivered

patients. However, Plaintiff was not paid overtime wages for time spent calling patients and coordinating schedules. Plaintiff was also not paid overtime wages during the regular scheduled shifts when Defendant automatically deducted a lunch break, without regard as to whether Plaintiff actually took the lunch break. Plaintiff estimates he worked approximately 15 overtime hours which were not compensated at all, and is owed these hours at a rate of time and one-half the regular rate.

13. Plaintiff was paid a rate of $9.00 per hour. Defendant is required to compensate Plaintiff for overtime hours at a rate of $13.50 per hour.

14. Defendant was required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 <u>et seq</u>. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendant was aware of Plaintiff's pay records and the rate that he was being paid for his hours. Defendant was aware of the off-the-clock work that Plaintiff was required to perform and the automatic deductions to his lunch. Despite Defendant having such knowledge, Defendant

did not alter their pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

17. The similarly situated individuals are those individuals whom were employed by the Defendant as drivers like the Plaintiff, and whom were not paid overtime wages.

18. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: August 2, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A

Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561